IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Jeffrey Harris, ) | |
| ) | Civil Action No. 7:15-2115-BHH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| City of Spartanburg, Spartanburg City ) | |
| Police Department, and ) | |
| Johnathan Lawson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, who is proceeding *pro se*, seeks relief for alleged Fourth Amendment violations. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding *pro se* and submit findings and recommendations to the district court.

On August 31, 2015, the defendants filed a motion to compel discovery asking that the court order the plaintiff to provide responses to interrogatories and requests for production, which were served upon the plaintiff on July 20, 2015. The defendants subsequently received unsigned and incomplete responses from the plaintiff. Counsel for the defendants pointed out the deficiencies and informed the plaintiff by letter that he could not accept the responses as they did not comply with the Federal Rules of Civil Procedure (*see* doc. 30-1 at 1-2). The plaintiff did not file a response to the motion to compel. On September 23, 2015, the undersigned issued an order directing the plaintiff to serve the defendants with his responses to the discovery requests by October 7, 2015. The order warned the plaintiff that the failure to obey a discovery order may result in sanctions,

including the dismissal of all or part of the action (*see* doc. 28 (citing Fed. R. Civ. P. 37(b)(2)(A))). The defendants have not received discovery responses from the plaintiff since that order (doc. 30-1 at 2).

On October 26, 2015, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failure to obey an order to provide discovery. On the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. The plaintiff did not file any response to the motion to dismiss.

As the plaintiff is proceeding *pro se*, the court filed a second order on December 7, 2015, giving the plaintiff through December 28, 2015, in which to file his response to the defendants' motion. The plaintiff was again specifically advised that, if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff has failed to file any response to the defendants' motion.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Ballard*, 882 F.2d at 95. Should the district court adopt this recommendation, the defendants' motion to dismiss (doc. 30) will be rendered moot.

>                                s/ Kevin F. McDonald
>                                United States Magistrate Judge

January 11, 2016
Greenville, South Carolina